**UNITED STATES of America, Internal Revenue Service, Plaintiff–Appellee,**

v.

**Richard L. GABEL and Iris A. Gabel, Defendants–Appellants,**

and

Janet Russo; Mellon Mortgage Company; T.F. Faber; County of Alameda; State of California State Board of Equalization; State of California Franchise Tax Board; Day Law Corporation, Defendants.

No. 02–15861.

D.C. No. CV–98–4241–SBA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 18, 2003.

Decided Aug. 21, 2003.

Before REINHARDT, SILER,* and HAWKINS, Circuit Judges.

### MEMORANDUM**

Defendants Richard L. Gabel and Iris A. Gabel ("Gabels") appeal from the district court's final order reducing to judgment income tax and related assessments entered against them in the amounts of $96,620 and $58,441, respectively. The Gabels stipulated to owing the tax liability and penalties, but proceeded to trial in order to challenge the validity of the underlying assessment. On appeal, the Gabels contend that the district court erred by denying their motion to exclude from evidence Forms 4340, Certificates of Assessment and Payment, and Forms 23C, Summary Records of Assessment. Without these forms, the government would not have been able to establish the validity of the tax assessment under 26 U.S.C. § 6203.

■ The Gabels first argue that, even absent a showing of bad faith, the district court should have excluded both forms from evidence pursuant to Rule 37 of the Federal Rules of Civil Procedure because the government produced them too close to the date of trial. Although the Gabels made several broad requests for "any and all documents supporting the government's complaint," they failed to request a continuance when the documents were eventually produced. At oral argument, they were unable to identify a specific concern about the forms or the validity of the assessment in general. Because the Gabels failed to ask for a continuance and any delay in production was harmless, the district court did not abuse its discretion by denying their motion to exclude both forms. *See Yeti By Molly, Ltd. v. Deckers Outdoor Corp.,* 259 F.3d 1101, 1106 (9th Cir.2001) ("The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless.").

■ The Gabels' alternate argument, that Forms 23C are inadmissible because they refer to "supporting records" which contain hearsay, is equally without merit. As the Gabels concede, the Forms 23C fall within the public records hearsay exception provided in Rule 803(8) of the Federal Rules of Evidence. *Cf. Hughes v. United States,* 953 F.2d 531, 539 (9th Cir.1992) (holding that Forms 4340 fall within the public records exception to the hearsay rule). Testimony at trial established that the supporting records referred to in the Forms 23C also fall within the public records exception; the IRS records custodian testified that the entries and magnetic tapes referred to as "supporting records" in the Forms 23C were generated, stored, and signed by a delegation officer in nearly

---

* The Honorable Eugene E. Siler, Jr., Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

the same manner as Forms 23C. Based on this testimony, the district court did not err in admitting Forms 23C, and the information contained therein, into evidence pursuant to the public records exception to hearsay. *See* Fed.R.Evid. 805 (providing that hearsay within hearsay is admissible if it independently conforms with an exception to the hearsay rules). Moreover, even assuming that Forms 23C were inadmissible, Forms 4340 are generally regarded as being sufficient proof, in the absence of evidence to the contrary, of the propriety of the assessments. *Hughes,* 953 F.2d at 536.

Having determined that the district court did not err in admitting Forms 4340 and Forms 23C into evidence, we conclude that the government has met its burden of proving the validity of its assessments under 26 U.S.C. § 6203.

**AFFIRMED.**